

# NUMBER 13-13-00242-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARIA GARCES,                                                              Appellant,

v.

RAMONA HERNANDEZ,                                                          Appellee.

### On appeal from the 139th District Court of Hidalgo County, Texas.

## ORDER ABATING APPEAL AND REFERRING CASE TO MEDIATION

### Before Justices Rodriguez, Benavides, and Perkes
### Order Per Curiam

Appellant Maria Garces appeals from a 2013 summary judgment that granted the conversion of a 1998 contract for sale of real property, with an original contract price of $20,000.00, to a deed of trust with a warranty deed and a $6,732.08 vendors lien to be paid in monthly payments by Graces to appellee Ramona Hernandez pursuant to the terms of the original contract. *See* TEX. PROP. CODE ANN. § 5.081(a) (West, Westlaw through 2013 3d

C.S.).   The summary judgment also ordered Garcia to pay a $10,686.78 delinquent tax loan on the property in monthly installments.   The trial court did not award Graces's requested statutory damages in the amount of $432,267.92 or alternatively $58,967.92—amounts Graces claims are offset by what she owed under the contract.   *See id.*; *see also id.* §§ 5.077, 5.079 (West, Westlaw through 2013 3d C.S.).

On appeal, Garces contends:   (1) the trial court erred when it failed to convert the contract for deed for real estate into a recorded, legal title without a deed of trust because the statutory damages that the court should have awarded to Graces would have exceeded any amounts owed by Garces to Hernandez under the contract; and (2) the trial court erred in granting Hernandez dispositive monetary relief in the amount of $17,418.86 (a venders lien of $6,732.08 plus tax loan of $10,686.78) because Hernandez filed only a general denial and not a counterclaim or a motion for summary judgment seeking such relief.

The Court has determined that this appeal should be referred to mediation. Accordingly, it is ORDERED that this appeal be ABATED and the issues in this appeal be mediated under the following terms and conditions:

1.     The parties must promptly agree upon a mediator and, within seven days of this Order, notify the Court in writing of the name and address of the mediator selected.   If the parties are unable to agree upon a mediator, they must so notify the Court within the seven day period and the Court will appoint a mediator.

2.     All parties must confer with their mediator within seven days of the date of this Order, or in the case of a court appointed mediator, within seven days of the appointment of the mediator, to establish a date and place for the mediation.   The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than thirty days after the date of this Order.   In the event the parties cannot agree on a date, the mediator shall select and set a date.   The mediator shall notify the Court of the date selected for the mediation.

3.     In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues.   Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case.

The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4.  All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding.   The mediation shall be for a full day.

5.  Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator.   The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West, Westlaw through 2013 3d C.S.).

6.  Unless otherwise agreed, the mediation proceeding will not be recorded.

7.  The mediator will negotiate a reasonable fee with the parties.   The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator.   If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs.   TEX. CIV. PRAC. & REM. CODE ANN. § 154.054 (West, Westlaw through 2013 3d C.S.).

8.  Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows:   (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the court's order or as otherwise agreed by the parties.

9.  If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion with this Court seeking dispositive relief within seven days of the conclusion of the mediation.   If the parties need more time to effectuate the terms of the settlement agreement, they must, within seven days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is FURTHER ORDERED that this case is ABATED pending this Court's review of the mediator's report and further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the 29th
day of October, 2014.

3